IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

THE UNITED STATES OF AMERICA     \*

    \*

v.                               Case No.: PWG-99-cr-224

    \*

SEAN HOPKINS

    \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Sean Hopkins received a life sentence in 2001, and since has filed six motions under 28 U.S.C. § 2255 to vacate or correct what he perceives to be an illegal sentence. ECF Nos. 105, 112, 133, 165, 168, 190. I denied two of his motions, ECF Nos. 165 and 168, without prejudice for lack of jurisdiction because the Fourth Circuit had not authorized Mr. Hopkins to file a second or successive § 2255 motion. ECF No. 177. On June 21, 2016, the Fourth Circuit authorized Hopkins to file another § 2255 motion, ECF No. 189, and he filed his most recent motion that same day, ECF No. 190. That motion, filed with the assistance of counsel appointed from the Federal Public Defender's Office, remains pending.[1]

Mr. Hopkins also has filed two motions pursuant to 18 U.S.C. § 3582(c)(2), seeking reductions in his sentence based on amendments to the United States Sentencing Guidelines. ECF Nos. 140, 178. Both were denied. ECF Nos. 158, 183.

On October 14, 2015, Mr. Hopkins filed a motion to reconsider the order denying his second § 3582 motion. ECF No. 184. In it, he argues for reconsideration on the basis that he is

---

[1] In that motion, Mr. Hopkins contends that his sentences are unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and must be vacated, and that he should be re-sentenced on all counts.

actually innocent and that he received an illegal sentence under 18 U.S.C. § 3559 because he did not meet the requirements for a life sentence. *Id.* He insists that "from [the] jump the parties knew it was illegal but force[d] [him] to serve sentences way beyond the sentence [he] should [have] rec[ei]ved." *Id.*

"[M]otions for reconsideration of final judgments or orders in criminal cases are not authorized by either statute or the Federal Rules of Criminal Procedure." *Kemache-Webster v. United States*, No. RWT 10CR654, 2014 WL 12691589, at *1 (D. Md. Aug. 7, 2014) (quoting *United States v. Moore*, 13-7930, 2014 WL 2142111 (4th Cir. May 22, 2014)). Indeed, when a prisoner is dissatisfied with a ruling on a § 3582(c)(2) motion, "he may timely appeal it. But he may not . . . ask the district court to reconsider its decision." *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010). Accordingly, I will deny his motion. *See id.*; *Kemache-Webster*, 2014 WL 12691589, at *1.

I note that, although Mr. Hopkins filed the motion as one for reconsideration rather than another § 2255 motion, what he seeks is the relief available under § 2255 – for an allegedly illegal sentence, that was illegal "from [the] jump," to be vacated or corrected. But, as yet another § 2255 motion, filed before the Fourth Circuit authorized him to file another § 2255 motion, this Court would be without jurisdiction to consider it. *See* 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). In any event, his pending § 2255 motion raises the same argument that his sentence was illegal, which the Court will consider.

I decline to issue a certificate of appealability because Mr. Hopkins has not made a "substantial showing of the denial of a constitutional right."[2]

---

[2] When a district court dismisses a § 2255 motion solely on procedural grounds, "[a] certificate of appealability will not issue absent 'a substantial showing of the denial of a constitutional

## **ORDER**

Accordingly, it is, this 24th day of May, 2017, hereby ORDERED that

1. Defendant's Motion for Reconsideration, ECF No. 184, IS DENIED;

2. A Certificate of Appealability WILL NOT ISSUE;

3. Mr. Hopkins's § 2255 Motion, ECF No. 190, remains pending; and

4. The Clerk SHALL PROVIDE a copy of this Order to Mr. Hopkins.

/S/
Paul W. Grimm
United States District Judge

lyb

---

right.'" *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). To make this showing, Defendant must "demonstrate[e] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong *and that any dispositive procedural ruling by the district court is likewise debatable.*" *Id.* (emphasis added); *see Slack v. Daniel*, 529 U.S. 473, 484 (2000). Denial of a certificate of appealability in the district court does not preclude Defendant from requesting a certificate of appealability from the appellate court.