**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. PWG-99-0224** |
| **SEAN JERVITT HOPKINS,** | * | **(Civil Case No.: PWG-16-2284)**[1] |
| Petitioner | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Sean Jervitt Hopkins was convicted of various crimes charged in a five-count superseding indictment. Based in part on sentence enhancements under the "three-strikes" statute, 18 U.S.C. § 3559(c), and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Hopkins was sentenced to a mandatory term of life imprisonment consecutive with concurrent terms totaling 300 months. Pending before me is Hopkins' Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255. ECF No. 190. Based on the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), Hopkins' motion is GRANTED IN PART and DENIED IN PART as follows: Hopkins' requests to vacate his mandatory life sentence under the three-strikes statute and sentence enhancement under the ACCA are GRANTED. Hopkins' request to vacate his conviction under 18 U.S.C. § 924(c) is DENIED. Hopkins will be resentenced on all counts, following the preparation of a new presentence report that recalculates the applicable sentencing guidelines.

---

[1] The ECF Numbers cited herein refer to the documents filed in Petitioner's criminal case.

**Background**

Hopkins was charged in a five-count superseding indictment that included two counts of assaulting a federal agent with a deadly weapon, in violation of 18 U.S.C. § 111(b) (Counts One and Two); one count of using, brandishing and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Four); and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count Five). ECF No. 37 (superseding indictment). According to the superseding indictment, the § 924(c) charge in Count Three was predicated on the § 111(b) aggravated assault charges in Counts One and Two. *Id.* at 3.

A four-day jury trial began on May 1, 2001. The jury convicted Hopkins on all five counts, except that on Counts One and Two Hopkins was convicted of the lesser included charges of assaulting, resisting or impeding a federal officer, in violation of 18 U.S.C. § 111(a), rather than § 111(b), assault with a deadly weapon.

The Honorable Alexander Williams, Jr. sentenced Hopkins to concurrent terms of 36 months for Count One, 36 months for Count Two, 300 months for Count Four, and 300 months for Count Five, along with a consecutive term of life imprisonment for Count Three. ECF No. 86 at 2. The life sentence as to Count Three resulted from the application of the three-strikes statute, 18 U.S.C. § 3559(c). Hopkins' sentence as to Count Four was enhanced based on application of the ACCA, 18 U.S.C. § 924(e). Hopkins appealed, and the Fourth Circuit affirmed his conviction and sentence. *United States v. Hopkins*, 310 F.3d 145 (4th Cir. 2002).

On June 21, 2016, Petitioner filed the pending Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 190.

*Johnson* found the residual clause of the "violent felony" definition in the ACCA, 18 U.S.C. § 924(e), unconstitutionally vague. 135 S. Ct. at 2558. On March 27, 2019, Petitioner filed a supplement to his Motion to Vacate, citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). ECF No. 198. *Dimaya* found the residual clause of the "crime of violence" definition in 18 U.S.C. § 16(b) unconstitutionally vague. 138 S. Ct. at 1216. On July 30, 2019, Petitioner filed a motion requesting permission to file a Supplemental Motion to Vacate under 28 U.S.C. § 2255, citing *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF No. 201. *Davis* found the residual clause of the "crime of violence" definition in 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. 139 S. Ct. at 2336. In each of these motions, Hopkins argued that the intervening Supreme Court cases disqualified the predicate offenses for his three-strikes life sentence, his ACCA sentence enhancement, and his conviction for brandishing and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On August 1, 2019, this Court granted Petitioner's Motion to Supplement, ECF No. 201, and ordered the government to respond, ECF No. 202. The motion is fully briefed.[2]

**Standard of Review**

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

---

[2] *See* ECF Nos. 190, 198, 201-1–3, 205, 206. A hearing is not necessary. *See* Loc. R. 105.6.

**Discussion**

Hopkins argues that this Court should vacate his (1) mandatory life sentence under the three-strikes statute on Count Three; (2) sentence enhancement under the ACCA on Count Four; and (3) conviction of using of a firearm during and in relation to a "crime of violence" on Count Three. The government disputes only the vacatur of Hopkins' conviction on Count Three.

*Sentence under the Three-Strikes Statute, 18 U.S.C. § 3559(c)*

The parties agree that the Supreme Court's decisions in *Johnson*, *Dimaya*, and *Davis* require the vacatur of Hopkins' mandatory life sentence pursuant to the three-strikes statute (18 U.S.C. § 3559(c)) on Count Three (use of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)). *See* ECF Nos. 205 at 3, 206 at 1. I agree. Hopkins' life sentence pursuant to the three-strikes statute was predicated on two prior convictions for Maryland resisting arrest and second-degree assault qualifying as "serious violent felon[ies]." 18 U.S.C. § 3559(c). Following *Johnson*, *Dimaya*, and *Davis*, Hopkins' Maryland resisting arrest and second-degree assault convictions no longer qualify as "serious violent felon[ies]" under the three-strikes statute.

Under the three-strikes statute, a prior conviction can qualify as a "serious violent felony" through its force clause (18 U.S.C. § 35559(c)(2)(F)(ii)), residual clause (18 U.S.C. § 35559(c)(2)(F)(ii)), or enumerated offenses clause (18 U.S.C. § 35559(c)(2)(F)(i)). Maryland resisting arrest and second-degree assault do not meet the criteria for a "serious violent felony" under the three-strikes statute's force clause. *See United States v. Aparicio-Soria*, 740 F.3d 152, 155 (4th Cir. 2014) (en banc) (holding Maryland resisting arrest categorically fails to qualify as a "crime of violence" under force clause of U.S.S.G. § 2L1.2, which is identical to the three-strikes statute's force clause); *United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013) (holding Maryland

4

second degree assault categorically fails to qualify as a "violent felony" under ACCA force clause, which is identical to the three-strikes statute's force clause). Its residual clause is the same in all relevant respects to the residual clauses that the Supreme Court found to be unconstitutionally vague in *Johnson*, *Dimaya*, and *Davis* and is therefore void.[3] And resisting arrest and second-degree assault are not among the three-strikes statute's enumerated offenses. *See* 18 U.S.C. § 35559(c)(2)(F)(ii). Therefore, Hopkins does not have the predicate offenses necessary to meet the requirements of a mandatory life sentence under the three-strikes statute. Hopkins' three-strikes life sentence under Count Three violates due process and is vacated.

### *Sentence Enhancement under the ACCA, 18 U.S.C. § 924(e)*

The parties also agree that the Supreme Court's decision in *Johnson* requires the vacatur of Hopkins' sentence enhancement under the ACCA (18 U.S.C. § 924(e)) on Count Four (being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)). *See* ECF Nos. 205 at 3, 206 at 1. I agree. Hopkins' enhanced sentence under the ACCA for Count Four was predicated on Hopkins' prior convictions for Maryland resisting arrest and second-degree assault qualifying as "violent felonies" under the ACCA. Following *Johnson*, Hopkins' Maryland resisting arrest and second-degree assault convictions no longer qualify as "violent felon[ies]" under the ACCA.

---

[3] *Cf.* 18 U.S.C. § 35559(c)(2)(F)(ii) ("any other offense . . . that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense") *with* § 924(e)(2)(B) (any crime punishable by imprisonment for a term exceeding one year [that] . . . otherwise involves conduct that presents a serious potential risk of physical injury to another") (invalidated by *Johnson*, 135 S.Ct. at 2558); *and* 18 U.S.C. § 16(b) ("any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") (invalidated by *Dimaya*, 138 S. Ct. at 1216); *and* § 924(c)(3)(B) ("an offense that is a felony . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") (invalidated by *Davis*, 139 S.Ct. at 2336).

Under the ACCA, a prior conviction can qualify as a "violent felony" through its force clause (18 U.S.C. § 924(e)(2)(B)(i)), residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), or enumerated offenses clause (18 U.S.C. § 924(e)(2)(B)(ii)).  Maryland resisting arrest and second-degree assault do not meet the criteria for a "serious violent felony" under the ACCA's force clause.  *See United States v. Aparicio-Soria*, 740 F.3d 152, 155 (4th Cir. 2014) (en banc) (holding Maryland resisting arrest categorically fails to qualify as a "crime of violence" under force clause of U.S.S.G. § 2L1.2, which is identical to ACCA force clause); *United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013) (holding Maryland second degree assault categorically fails to qualify as a "violent felony" under ACCA force clause).  *Johnson* invalidated the ACCA's residual clause as unconstitutionally vague.  135 S. Ct. at 2558.  And resisting arrest and second-degree assault are not among the ACCA's enumerated offenses.  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  Therefore, Hopkins does not have the predicate offenses necessary to qualify for a sentence enhancement under the ACCA. Hopkins' ACCA sentence enhancement for Count Four violates due process and is vacated.

### *Conviction under 18 U.S.C. § 924(c)*

The only disagreement between the parties is whether Hopkins' conviction under 18 U.S.C. § 924(c) (Count Three) should be vacated.  18 U.S.C. § 924(c) criminalizes the use and carrying a firearm during a "crime of violence."  A crime of violence is defined under the § 924(c) force clause as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), or alternatively under the § 924(c) residual clause as any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B).  However, the § 924(c) residual clause is unconstitutionally vague based on the reasoning in *Johnson*.  *See United States v. Edmundson*, 153 F. Supp. 3d 857, 862 (D. Md.

2015), *as amended* (Dec. 30, 2015) (Grimm, J.) (holding 18 U.S.C. § 924(c) residual clause unconstitutionally vague); *United States v. Luong,* 2016 WL 1588495 (E.D. Cal. April 20, 2016) (same); *United States v. Lattanaphom*, 159 F. Supp.3d 1157 (E.D. Cal. 2016) (same); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (holding identical residual clause unconstitutionally vague). Therefore only § 924(c)'s use of force clause remains for determining whether a predicate offense is a "crime of violence."

The question here is whether the predicate offense for Hopkins' § 924(c) conviction was 18 U.S.C. § 111(a) or 18 U.S.C. § 111(b). A violation of § 111(a) includes an assault of an officer while engaged in his or her official duties without using a deadly or dangerous weapon or inflicting bodily injury. 18 U.S.C. § 111(a). A violation of § 111(b) is the same, except that it includes the use of a deadly or dangerous weapon or infliction of bodily injury. 18 U.S.C. § 111(b). The parties do not dispute that § 111(b) meets the criteria for a "crime of violence" under § 924(c)'s use of force clause, and that § 111(a) does not. Hopkins' argues that his § 924(c) conviction in Count Three was predicated on § 111(a) and must be vacated. The Government argues that this conviction was predicated on § 111(b) and should stand.

When there is a question about which offense in a divisible statute formed the basis for a prior conviction, "the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013). These documents are referred to as "*Shepard* documents" following the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13, 26 (2005) (holding inquiry to determine qualifying predicate offense under the ACCA with guilty plea limited to "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in

7

which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.").

Here the available *Shepard* documents are the superseding indictment, the jury instructions, and the verdict form. These documents indicate that Hopkins' § 924(c) conviction was predicated on § 111(b). The superseding indictment states that the predicate offense for the § 924(c) charge is § 111(b). ECF No. 37 at 3. Likewise, Judge Williams instructed the jury that the predicate offense for the § 924(c) charge was § 111(b). Regarding the § 924(c) charge in Count Three, he stated:

> You can read the indictment yourself. It basically says that on or about March 17, Sean Hopkins knowingly did during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, assault, resist, impede, Special Agent George Dysico and Deputy United States Marshal Justin Vickers of the United States Marshal Service while they engaged in the performance of official duties with a dangerous weapon, which is a violation of Title 18 section 111(b).

ECF No. 201-2 at 64:3–11.

The verdict form does not explicitly state whether § 111(a) or (b) was the predicate offense for § 924(c). *See* ECF No. 201-3. The verdict form lists each count separately, except that for Counts One and Two, it offers the jury the option to find Hopkins guilty of the lesser included charge of § 111(a) rather than § 111(b), which the jury ultimately did. *Id.* at 1–2. However, with respect to the § 924(c) charge under Count Three, the verdict form states: "Count Three – On the charge of using and carrying a firearm during and in "relation to a crime of violence, we find the defendant . . ." to which the jury selected "Guilty." *Id.* at 2. Carrying a firearm is a qualifying element of § 111(b), not § 111(a). Therefore, the description of Count Three on the verdict form supports a finding that § 111(b) was the § 924(c) predicate offense.

Moreover, the Fourth Circuit previously found that § 111(b) was the predicate offense for Hopkins' § 924(c) conviction. On appeal after his conviction, Hopkins argued that because the

8

superseding indictment included § 111(b) as the predicate crime of violence for the § 924(c) charge, the jury was required to find that Hopkins had violated 18 U.S.C. § 111(b) in Counts One or Two to convict him of § 924(c) in Count Three. *United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002). But because Hopkins was only convicted on the lesser included charge of § 111(a) in Counts One and Two, he argued that his § 924(c) conviction in Count Three was an unlawful constructive amendment of the indictment. *Id.* The Fourth Circuit rejected this argument, explaining that Hopkins' § 924(c) conviction in Count Three did not require a conviction under § 111(b) in Counts One or Two. *Id.* In reaching this conclusion, the Fourth Circuit explicitly found that Hopkins § 924(c) conviction was predicated on § 111(b), explaining, "The fact that the government did not obtain a conviction under § 111(b) as well as under § 924(c) does not mean that the indictment was constructively amended – *§ 111(b) was still the predicate offense*." *Id.* (emphasis added).

Hopkins offers several arguments why his § 924(c) conviction was predicated on § 111(a). First, Hopkins argues that the fact that he was convicted under § 111(a) and not § 111(b) in Counts One and Two indicates that § 111(a) is the predicate offense for his § 924(c) conviction in Count Three. As further support, Hopkins points to Judge Williams' statement in the jury instructions that "Count 3 is to be considered only if you first find the defendant guilty under either Count 1 as charged or Count 2 as charged or both as charged. You may not consider for the purposes of Count 3 any evidence which does not relate to Counts 1 or 2." ECF No. 201-2 at 63:20–24. Therefore, according to Hopkins, because the jury found him guilty as to § 111(a), that was the only basis on which to proceed to Count Three.[4]

---

[4] Hopkins also argues that the verdict form only gave the jurors an option of proceeding to Count Three if there was first a conviction under Counts One and Two. ECF 201-1 at 9. This is not true.

9

However, the Fourth Circuit has already explained that the jury's conviction under Count Three is independent of any conviction under Counts One or Two. *See Hopkins*, 310 F.3d at 152–53. And the jury did find Hopkins guilty on the lesser included charges under Counts One and Two. The jury was then free to consider the same evidence when evaluating the charge under Count Three. As the Fourth Circuit explained, "it is irrelevant that the jury did not find in some other count that the same evidence sufficiently supported a § 111(b) conviction." *Id.* at 153. Therefore, Hopkins conviction under § 111(a) in Counts One and Two does not mean that § 111(a) was the predicate offense for the § 924(c) conviction in Count Three.

Finally, Hopkins argues that to the extent that the *Shepard* documents are ambiguous, § 924(c) must be construed as predicated on the lesser offense, § 111(a). While Hopkins' convictions under § 111(a) for Counts One and Two requires careful scrutiny of the *Shepard* documents to understand his conviction under Count Three, these documents are not ambiguous. The superseding indictment, jury instructions, and verdict form all indicate that the predicate offense for Hopkins' § 924(c) conviction in Count Three was § 111(b). The Fourth Circuit reached the same conclusion in *Hopkins*. Accordingly, Hopkins' request to vacate his conviction under § 924(c) is denied.

\*   \*   \*

In sum, Hopkins has demonstrated that he is eligible for relief under 28 U.S.C. § 2255. Hopkins' sentence of life imprisonment under the three-strikes statute, 18 U.S.C. § 3559(c), for Count Three and sentence enhancement under the ACCA, 18 U.S.C. § 924(e), for Count Four are

---

There are no limiting instructions for considering Count Three on the verdict form. *See* ECF 201-3.

vacated. However, for the reasons stated above, Hopkins request to vacate his conviction under 18 U.S.C. § 924(c) for Count Three is denied.

"[T]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (quoting *United States v. Garcia,* 956 F.2d 41, 45 (4th Cir.1992). Section 2255 lists four remedies that are appropriate following a successful § 2255 petition: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "resentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C.A. § 2255; *Hadden*, 475 F.3d at 661. Given that Hopkins' convictions are undisturbed but that portions of his sentence have been vacated, Hopkins will be resentenced on all counts.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-2569, Crim. No. DKC-08-529, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013). This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Hopkins has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate

11

of appealability. *See id.*; 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484. However, this ruling does not preclude Hopkins from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(b)(1).

## **ORDER**

For the reasons stated above, it is this 27th day of September, 2019, hereby ORDERED that

1. Petitioner's § 2255 Motion, ECF No. 190, IS GRANTED IN PART AND DENIED IN PART as follows:

    a. Petitioner's request to vacate his sentence of life imprisonment under the three-strikes statute, 18 U.S.C. § 3559(c), for Count Three is GRANTED.

    b. Petitioner's request to vacate his sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for Count Four is GRANTED.

    c. Petitioner's request to vacate his conviction under 18 U.S.C. § 924(c) for Count Three is DENIED.

2. Petitioner will be resentenced on all counts. I will issue a separate order regarding the preparation of a new presentence report consistent with the rulings in this order, a schedule for sentencing memoranda, and a sentencing hearing.

3. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-99-224 and Civil Action No. PWG-16-2284, and to CLOSE Civil Action No. PWG-16-2284.

/S/
Paul W. Grimm
United States District Judge